# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| WILLIAM HENDERSON, III, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 1:14-cv-8194 |
| v. ) | |
| ) | Judge Robert M. Dow, Jr. |
| NATIONSTAR MORTGAGE, LLC, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff brings this action under the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692, *et seq.* Before the Court is Defendant's motion to dismiss Count I [12]. For the reasons stated below, the Court grants Defendant's motion.

## I. Background[1]

Plaintiff alleges that he filed a Chapter 13 bankruptcy petition that included a debt owed to Bank of America/BAC Home Loan Servicing ("BoA") for a mortgage on his home. Approximately two months after the bankruptcy court sent BofA notice of the bankruptcy, BofA transferred the servicing rights to Defendant, a debt collector.[2] On July 12, 2013, Defendant sent Plaintiff two letters confirming the transfer and acknowledging that the loan was in an "Active or Discharged Bankruptcy status." [1-4] at 3. The bankruptcy court subsequently discharged the debt, after which Defendant allegedly sent Plaintiff collections letters. Count I of Plaintiff's four-count complaint alleges that, by sending these collections letters, Defendant failed to cease

---

[1] For the purposes of Defendant's motion to dismiss, the Court assumes as true all well-pleaded allegations set forth in the complaint. See *Killingsworth v. HSBC Bank Nevada, N.A.*, 507 F.3d 614, 618 (7th Cir. 2007).

[2] Defendant does not dispute that it is a debt collector within the meaning of the FDCPA.

1

communications and collections efforts in violation of 15 U.S.C. § 1692c(c). Defendant moves to dismiss Count I only.

## II.     Legal Standard

The purpose of a Rule 12(b)(6) motion to dismiss is not to decide the merits of the case; a Rule 12(b)(6) motion tests the sufficiency of the complaint. *Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990). As previously noted, reviewing a motion to dismiss under Rule 12(b)(6), the Court takes as true all factual allegations in Plaintiff's complaint and draws all reasonable inferences in his favor. *Killingsworth*, 507 F.3d at 618. To survive a Rule 12(b)(6) motion to dismiss, the claim first must comply with Rule 8(a) by providing "a short and plain statement of the claim showing that the pleader is entitled to relief" (Fed. R. Civ. P. 8(a)(2)), such that the defendant is given "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Second, the factual allegations in the claim must be sufficient to raise the possibility of relief above the "speculative level," assuming that all of the allegations in the complaint are true. *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). "A pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). However, "[s]pecific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citing *Twombly*, 550 U.S. at 555) (ellipsis in original). The Court reads the complaint and assesses its plausibility as a whole. See *Atkins v. City of Chi.*, 631 F.3d 823, 832 (7th Cir. 2011); *cf. Scott v. City of Chi.*, 195

F.3d 950, 952 (7th Cir. 1999) ("Whether a complaint provides notice, however, is determined by looking at the complaint as a whole.").

**III.    Analysis**

The purpose of the FDCPA is "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692. Section 1692c(c) provides that "[i]f a consumer notifies a debt collector in writing that the consumer refuses to pay a debt or that the consumer wishes the debt collector to cease further communication with the consumer, the debt collector shall not communicate further with the consumer with respect to such debt[.]"[3] 15 U.S.C. § 1692c(c).

Defendant argues that Plaintiff fails to state a claim because he does not allege that he sent Defendant a cease and desist notice. 15 U.S.C. § 1692c(c). Plaintiff acknowledges that he did not send Defendant such notice. He argues that § 1692c(c) nevertheless required Defendant to cease communications because Defendant had actual notice of the bankruptcy proceedings. The question, therefore, is what kind of notice triggers a duty to cease communications.

When interpreting a statute, the Court "begins where all such inquiries must begin: with the language of the statute itself." *United States v. Ron Pair Enterprises, Inc.*, 489 U.S. 235, 241 (1989). "Where the statute's language is plain, the court's function is to enforce it according to its terms." *Kariotis v. Navistar Int'l Transp. Corp.*, 131 F.3d 672, 680 (7th Cir. 1997). The plain language of § 1692c(c) provides that if (i) "a *consumer* notifies a debt collector" that (ii) "the consumer refuses to pay a debt or that the consumer wishes the debt collector to cease further

---

[3] The statute makes exceptions for communications including certain types of information not at issue here.

communication with the consumer," then the debt collector must cease communications. 15 U.S.C. § 1692c(c) (emphasis added). The text articulates no other circumstances requiring a debt collector to cease communications. Contrary to Plaintiff's argument, the plain language of the statute therefore provides no indication that notice of bankruptcy is also sufficient to trigger a duty to cease communications. See *Shelley v. Ocwen Loan Servicing, LLC*, 2013 WL 4584649, at *8 (S.D. Ind. Aug. 28, 2013) ("Plaintiffs rely on a notice issued by a bankruptcy court, which, by the plain language of the statute, is not sufficient to provide notice."). If Congress wanted other forms of notice to trigger the duty to cease communications, it could have said so. Perhaps it did not because the bankruptcy code and other provisions of the FDCPA regulate the collection of a debt in bankruptcy in other ways. See, *e.g.*, *Randolph v. IMBS, Inc.*, 368 F.3d 726, 728 (7th Cir. 2004) ("A demand for immediate payment while a debtor is in bankruptcy (or after the debt's discharge) is 'false' in the sense that it asserts that money is due, although, because of the automatic stay (11 U.S.C. § 362) or the discharge injunction (11 U.S.C. § 524), it is not. A debt collector's false statement is presumptively wrongful under the Fair Debt Collection Practices Act, see 15 U.S.C. § 1692e(2)(A)").

In his response, Plaintiff contends that the Court may construe the bankruptcy notice as notice from a consumer to cease and desist communications. He argues that "the notice sent by the bankruptcy court was at Mr. Henderson's direction after he hired an attorney to do so." [16] at 1-2. Plaintiff's argument—essentially that the bankruptcy court acted as Plaintiff's agent—is unpersuasive. A court is not a party's agent. It is a neutral-decision maker that adjudicates disputes between parties. Nor does the statute's definition of "consumer" include a bankruptcy court. See 15 U.S.C. § 1692c(d) (defining a consumer to include "the consumer's spouse, parent (if the consumer is a minor), guardian, executor, or administrator."). Moreover, the bankruptcy

4

notice did not state that Plaintiff refused to pay the debt or that he wanted Defendant to cease communication with him.  See *Shelley*, 2013 WL 4584649, at *8 (also finding that notice of bankruptcy was insufficient to trigger a duty to cease communications because it did not state that the consumer refused to pay the debt or wished the debt collector to cease communications).  Accordingly, Plaintiff fails to state a claim under § 1692c(c).

**IV.     Conclusion**

       For the foregoing reasons, the Court grants Defendant's motion to dismiss Count I [12].

Dated: May 15, 2015

                                            Robert M. Dow, Jr.
                                            United States District Judge